UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY VAN HORN,

    Plaintiff,                                     Case No. 1:16-cv-484

v.

                                                     HON. ROBERT HOLMES BELL

STATE OF MICHIGAN et al.,

    Defendants.
                                     /

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Van Horn brought this action *pro se* against Defendants State of Michigan, Kent County, and the City of Grand Rapids. On May 12, 2016, the Court granted him leave to proceed *in forma pauperis*. On May 25, 2016, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that the Court dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 6.) The R&R indicated that objections must be filed within 14 days of service. The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so has expired. The Court agrees with the disposition recommended in the R&R, though for slightly different reasons than what is set forth therein.

Without discussing Plaintiff's allegations, the R&R asserts that Plaintiff does not state a federal claim. The Court agrees, but will discuss Plaintiff's allegations in more detail to demonstrate why that is so.

Plaintiff alleges that, on January 20, 2014, "Deba [sic] Jean fell into the wall and split her head open." (Compl., ECF No. 1, Page ID.1.) They could not stop the bleeding so they called an ambulance. Sometime later, the police arrived at their location and "shoved the door open and came in." (*Id.*) The police asked them questions, but they did not believe Plaintiff's responses. They told Plaintiff that he was under arrest. They did not read him his "rights" or take any pictures of the scene. (*Id.*) Apparently, Plaintiff was charged with a crime. Plaintiff alleges that the police lied to the prosecutor about what happened. Plaintiff subsequently pleaded guilty to aggravated domestic violence, Mich. Comp. Laws § 750.81a(3).[1]

The R&R does not expressly address Plaintiff's allegation that the police arrested him without reading him his rights. This allegation alludes to a claim under 42 U.S.C. § 1983, which would be a federal claim. The Court assumes that the "rights" referenced in the complaint are the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), which are intended to protected a person's Fifth Amendment privilege against self-incrimination. *Id.* at 467. However, Plaintiff's allegations are not sufficient to state a claim under the Fifth Amendment because the privilege against self-incrimination is a "trial right"; it is not until incriminating statements are used in a criminal case that a Fifth Amendment violation occurs. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003). Plaintiff does not allege that he made any incriminating statements, let alone that any statements were used against him in a criminal

---

[1]*See* Plaintiff's profile on the Michigan Department of Corrections website, at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=412951 (visited June 13, 2016).

case. Indeed, he does not allege that he suffered any injury whatsoever as a result of the fact that the police did not read him his rights. Thus, he does not state a claim under the Fifth Amendment.

The R&R also does not expressly address Plaintiff's allegations that the police entered the place where he was located, arrested him, and subsequently lied to the prosecutor about what happened. The police officers' actions in relation to their entry and his arrest alludes to a possible claim under the Fourth Amendment. But this claim also fails because Plaintiff cannot state a claim against the county and the city merely because individual officers violated his constitutional rights. A municipal entity may only be liable under § 1983 when a policy or custom causes the injury. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal-liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

Plaintiff's action against the City of Grand Rapids and Kent County fails at this first step because he does not identify or allege a policy or custom giving rise to his injury. Thus, they will be dismissed for failure to state a claim.

Moreover, Plaintiff cannot bring a claim against the State of Michigan because it is immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Consequently, the State of Michigan will be dismissed because it is immune from suit.

Finally, for the reasons stated herein and in the R&R, the Court agrees that an appeal would not be taken in good faith. Accordingly,

**IT IS HEREBY ORDERED** that the disposition recommended in the R&R (ECF No. 6) is **APPROVED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim as to Defendants City of Grand Rapids and Kent County, and on grounds of immunity as to Defendant State of Michigan.

**IT IS FURTHER ORDERED** that the Court hereby certifies that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: June 15, 2016                             /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE